FRANCISCO CORREA SERRANO, Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., ET AL., Respondents.

No. 199. Argued May 20, 1940.—Decided May 22, 1940.

*Virgilio Brunet* and *Miguel A. Casiano* for appellant. *M. León Parra* for Industrial Commission. *George A. Malcolm, Attorney General, E. de Aldrey, Assistant Attorney General, Víctor J. Vidal González* and *G. Atiles Moreu,* for Manager of the State Fund.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellant workman suffered an accident while working on February 17, 1939. The manager of the State Fund provided him with the required treatment and, conformable to the report of the State Fund physician, discharged him as healed and as having no disability, on June 3 following. Feeling aggrieved by the decision of the manager of the State Fund as to his not being disabled the workman appealed to the Industrial Commission of Puerto Rico and alleged that he had a stiff neck and, therefore, disabled as the result of the accident.

The Industrial Commission directed Dr. Luis C. Boneta, the Commission's physician, to have him confined to a clinic and to submit him to the necessary examinations in order to determine the degree of incapacity, if any. After being confined to the Clínica Industrial for two weeks Dr. Boneta reported to the Industrial Commission that said workman was disabled 33⅓ per cent in his physiological functions. A new hearing was ordered by the Industrial Commission to hear the reports of Dr. Boneta and of Dr. Díaz García, the latter being the physician of the State Fund, and finally decided to allow the workman a 30 per cent disability. Compensation was granted to the workman accordingly. The latter, however, considering that he was further entitled to a per diem allowance during the two weeks he had been confined in the Clínica Industrial in order to determine the disability previously denied him by the manager of the State Fund, filed a petition to this effect with the Industrial Commission. His petition having been denied, he moved for reconsideration thereof which was likewise denied. It was then that he brought the present appeal.

 The Workmen's Compensation Act, as every statute of social justice, must be construed as liberally as possible in order to properly carry out the purposes for which the same was enacted. This is why workmen should be furnished with every necessary means to enforce their rights with the minimum of expense. In the instant case the Industrial Commission, as insisted by the workman, might in justice have allowed him the compensation to which he was entitled and which had erroneously been denied him. The workman was not responsible for the failure of Dr. Díaz García to find out his disability. If the same was found out by further observation, it would have been fair to consider this further observation as a continuance of the previous one, and if compensation was allowed him previously for the time he had been kept under observation, he should likewise be allowed compensation for the second time, thus compensating

him for the time he had been unable to work due to causes beyond his control.

▮ The motion to strike out filed together with the notice of appeal must be denied, for, although the paragraph whose elimination is sought is irrelevant, the same is not scandalous matter nor is it at all prejudicial to the party seeking the striking it out.

Therefore, the appeal lies as well as the reversal of the ruling of the Industrial Commission of Puerto Rico of April 4, 1940, and the refusal to reconsider of the 10th of even month, and the Industrial Commission shall be ordered to pay to the workman out of the State Fund money the per diem allowance corresponding to the fifteen days during which he was confined in the Clínica Industrial under observation by the consulting physician of the Commission.